## BLYDENBURGH *vs.* CARPENTER and others.

In a suit on a bond given for the discharge of goods attached, pursuant to 2 R. S., 12, § 55, et seq., the plea of *nil debet* is bad. The debt, as *security* for which the bond was given, is not the foundation of the action; it is brought on the specialty itself, and is like an action upon any other bond conditioned to pay the note or obligation of a third person. (*a*)

DEBT on bond. The declaration recites the institution of proceedings under the absconding, concealed and non-resident debtors' act in behalf of one C. Van Cleaf against one P. V. A. Cortelyeu; the issuing of the attachment, publication of the usual notice, &c.; also, that one W. S. Sears became an attaching creditor by filing an affidavit and petition with the officer issuing the attachment in pursuance of the statute; and subsequently one Richard F. Blydenburgh, the latter claiming that the said Cortelyeu, the non-resident debtor, was justly indebted to him in the sum of $671.50; that afterwards the said Cortelyeu appeared before the officer issuing the attachment, and applied for a discharge of the property from the same, whereupon the defendants made their bond in the penal sum of $2,200, conditioned as follows; after reciting the proceedings on the attachment, and specifying the several amounts claimed by the three attaching creditors, it was provided that if the said obligors should pay to each of them (the obligees) the amount justly due and owing by the said Cortelyeu, at the time they became attaching creditors on account of any debt so claimed and sworn to, with the interest thereon; and also in the event of its appearing that any sum of money was due to the said attaching creditor, pay to the said creditors the costs and disbursements incurred in obtaining such attachment, and the proceedings thereon, then the said bond was to be void, otherwise to remain in full force and virtue. It was then averred that the plaintiff was one of the attaching creditors in the recital of the said bond, and that a large sum, to wit,

---

(*a*) See *Oakley* v. *Aspinwall*, 4 Comst., 513.

22

the sum of $671.50, was justly due and owing to him by the said Cortelyeu at the time he became an attaching creditor, on account of the debt claimed and sworn to, and that the same had not been paid, &c., and that the whole remains still due, &c.; whereby the bond has become forfeited and an action hath accrued, &c.

To this declaration each defendant put in separately the plea of nil debet.    The plaintiff demurred.    Joinder.

*By the Court,* NELSON, Ch. J.    The statute regulating the proceedings against absconding, concealed and non-resident debtors, provides that the debtor may be discharged from the same on giving a bond to the creditors prosecuting the attachment in the penal sum double the amount of the debts sworn to, with sureties to be approved by the officer, conditioned that they will pay to each attaching creditor the amount justly due and owing by such debtor at the time he became an attaching creditor on account of any debt so claimed and sworn to, with interest thereon. (2 R. S., 127, § 55.)

Every such bond shall be held for the common benefit of all the attaching creditors, and may be prosecuted at any time within six months after its date, and not afterwards, by them jointly, or by any one of them separately in respect to his separate demand; and in every such action the prosecuting creditor shall establish his demand in the same manner as in an action against the debtor. (§ 58.)

It is supposed by the counsel for the defendants, that the bond in this case is only inducement to the action, and that the debt for which it is given as security, on the lien under the attachment proceedings being discharged, is the foundation of it, and hence that nil debet is the appropriate plea.

But upon looking at the cases upon which this rule of pleading is founded, it appears to me impossible to hold, without overturning them, that the action here is founded upon the debt of Blydenburgh, and not upon the bond.    It is like an action upon any other bond conditioned to pay the note or obligation of a third person.    The remedy is upon the specialty, and upon that alone.    Unless the reco-

very is founded upon that, there can be no recovery in the case, for it is only by virtue of this obligation that the defendants are at all liable.

They have obligated themselves to pay the debt, provided it is established by proof on the trial that it was due and owing at the time the plaintiff became an attaching creditor. This being shown, the condition is broken, and a recovery follows. The mere circumstance that extrinsic facts must be avered and proved in order to make out a breach will not help the defendants. When the deed is the foundation of the action, although extrinsic facts are mixed with it, the defendant must, notwithstanding, plead non est factum, and nil debet is bad. (1 Chitty's Pl., 478.)

The case of *Gates* v. *Wheeler*, in this court (2 Hill, 232), was a much stronger case for the defendant, where this plea was condemned after a full review of all the cases. So was the case of *Warren* v. *Consett* (2 Ld. Ray., 1500), refered to in that case. Indeed, the only exception to the rule, that the defendant must plead non est factum where the plaintiff declares on the deed, seems to be debt for rent by indenture, and there he need not count upon it at all, and still recover.

For these reasons the plaintiff is entitled to judgment, leave to defendants to amend without costs.

Judgment accordingly.